IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40305
Summary Calendar
_____

MICHAEL BELLE,

Plaintiff-Appellant,

versus

MARK DAVIS ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-251
- - - - - - - - - -

March 24, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael Belle, Texas prisoner #476226, appeals from the dismissal of his civil rights action as frivolous. Belle contends that the district court committed procedural errors when considering his case; that defendant Mark Davis retaliated against him for his use of the prison grievance system; that Davis and other defendants deprived him of food, recreation, and showers and conspired to do so; that defendant Dixon deprived him of adequate ventilation in his cell; that Davis wrote a false

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense report and deprived him of due process by having him placed on restriction without being found guilty of a major infraction; that Davis and Dixon were responsible for placing him near a prison gang; that prisoner "Pony" was liable for spearing him and that "Pony" and other gang members conspired with Davis; and that defendants D.W. Price and Sylvia Tapia deprived him of adequate medical care, covered up the attack by "Pony," and conspired against him.

Belle failed to object to the magistrate judge's report and recommendations. Accordingly, our review is for plain error. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

Belle has failed to brief his contentions that the district court erred by failing to allow him to engage in discovery (with the exception of his claim concerning depositions regarding Dixon's alleged policy of allowing black inmates to be attacked); that Davis retaliated against him; that the 24-hour deprivation of food, recreation, and showers violated the Cruel and Unusual Punishment Clause; that inadequate ventilation in his cell violated the Cruel and Unusual Punishment Clause; that Davis wrote a false offense report and deprived him of due process; that Davis was responsible for his placement near the prison gang; that Tapia covered up the attack by "Pony"; or that Price covered up the attack and failed to protect him. We do not consider those contentions. *See Andrews v. Collins*, 21 F.3d 612, 632 (5th Cir. 1994).

Regarding Belle's remaining procedural contentions, we have

reviewed his brief and the record and we find Belle's contentions frivolous. Regarding Belle's remaining substantive contentions, we have reviewed Belle's brief and the record and we find Belle's contentions frivolous. Accordingly, we dismiss Belle's appeal essentially for the reasons stated by the district court. *See Belle v. Davis*, No. C-97-CV-251 (S.D. Tex. Sep. 26, 1997).

APPEAL DISMISSED. 5TH CIR. R. 42.2.